## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Bankruptcy No. 24-11578-DJB |
| Charles J. Greif | : | Chapter 13 |
| *Debtor.* | : | |
| | : | |
| Nationstar Mortgage, LLC | : | |
| *Movant,* | : | |
| vs. | : | |
| Charles J. Greif, | : | |
| *Debtors/Respondents,* | : | |
| and | : | |
| Kenneth E. West, Esquire, | : | |
| *Trustee/Respondent.* | : | |

## <u>MOTION FOR RELIEF FROM AUTOMATIC STAY<br>UNDER 11 U.S.C. § 362</u>

Movant, by its Attorneys, Hladik, Onorato & Federman, LLP, hereby requests a termination of the Automatic Stay and leave to proceed with its state court rights provided under the terms of the Mortgage.

1.      Movant is Nationstar Mortgage, LLC ("Movant").

2.      Debtor, Charles J. Greif ("Debtor") is the owner of the premises located at 3107 Willits Road, Philadelphia, PA 19114 (the "Property").

3.      Kenneth E. West, Esquire is the Trustee appointed by the Court.

4.      Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on May 08, 2024.

5.      Movant is the holder of a mortgage lien on the Property in the original principal amount of $115,000.00, which was recorded on February 07, 2007 (the "Mortgage"), and was executed by Debtor, Charles Greif ("Debtor"). A true and correct copy of the Mortgage is attached to Movant's Proof of Claim #5 filed on the Claims Register.

6.      The Mortgage was assigned to Movant by way of a written assignment of mortgage, recorded on June 27, 2022. A true and correct copy of the Assignment of Mortgage is attached to Movant's Proof of Claim #5 filed on the Claims Register.

7.      As of April 01, 2025, Movant has not received the following monthly post-petition Mortgage payments:

02/01/2025 – 04/01/2025 at $1,171.67 each… ......................... $3,515.01
Attorney's Fees/Costs…………………………………………….$1,549.00
Total post-petition arrearage…………………………………….$5,064.01

8.      The entity that has the right to foreclose is Nationstar Mortgage, LLC, by virtue of being owner and holder of note.

9.      Movant has cause to have the Automatic Stay terminated, to permit Movant to complete foreclosure on its Mortgage.

10.     This Motion and the averments contained herein do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this Motion, including fees and costs, due under the terms of the Mortgage and applicable law.

11.     Pursuant to 11 U.S.C. § 362, the Automatic Stay of the Bankruptcy Code should be terminated as to Movant because:

a.      Movant lacks adequate protection of its security interest under 11 U.S.C. § 362(d)(1); and

b.      Debtor has no equity in the mortgaged property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2).

**WHEREFORE,** Movant respectfully requests that this Court enter an Order:

a.      Modifying the Automatic Stay under 11 U.S.C. § 362 of the Bankruptcy Code with respect to the Property as to permit Movant to foreclose on its Mortgage and allow Movant or any other purchaser at Sheriff's Sale to take legal or consensual action for enforcement of its right to possession of, or title to; and

b.      Granting any other relief that this Court deems equitable and just.

Respectfully submitted,

Date: 05/16/2025

/s/Danielle Boyle-Ebersole
Danielle Boyle-Ebersole, Esquire
Attorney I.D. # 81747
Hladik, Onorato & Federman, LLP
298 Wissahickon Avenue
North Wales, PA 19454
Phone 215-855-9521/Fax 215-855-9121
dboyle-ebersole@hoflawgroup.com